IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00453-RBJ

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**1. VADYM PECHERSKYI,**

    **Defendant.**

---

## PLEA AGREEMENT

---

The United States of America, by and through John F. Walsh, United States Attorney for the District of Colorado, and James Allison and Rebecca Weber, Assistant United States Attorneys, and the defendant, Vadym Pecherskyi, personally and by counsel, Christopher Decker and Kathryn Stimson, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

***A.   Defendant's Obligations:***

The defendant agrees to consent to the filing of an Information and waive presentment thereof to a grand jury charging in One Count a violation of 49 U.S.C. § 46506, and 18 U.S.C. § § 2244(b). The defendant agrees to tender a plea of guilty to that crime as charged in the Information.

***B.   Government's Obligations:***

In exchange for the defendant's plea of guilty, the United States agrees to

1



recommend the Court give the defendant full credit for acceptance of responsibility per USSG § 3E1.1, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of his guilty plea and sentencing. The United States agrees to recommend a term of imprisonment within the applicable advisory guideline range as determined by the Court. The government agrees to dismiss the Indictment at the time of sentencing.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offense to which the defendant is entering a plea of guilty are as follows:

*First*, the defendant knowingly and intentionally had sexual contact with persons referred to in the Information;

*Second*, the sexual contact was without the person's permission; and

*Third*, the offense was committed on an aircraft in the special aircraft jurisdiction of the United States.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 49 U.S.C. § 46506 and 18 U.S.C. § 2244(b) and 2246(3) is not more than 2 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee.

If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. §3553 factors, or to the Court's overall sentencing decision.

The parties stipulate and agree as follows:

On October 27, 2014, onboard Delta Air Lines Flight 2525 from Hartsfield-Jackson Atlanta International Airport to Denver International Airport, passenger Vadym Pecherskyi made abusive sexual contact with two female flight attendants.

3

Pecherskyi was seated in Seat 6D in the first class cabin. During the flight he was served approximately two alcoholic drinks. Not long after the flight took off from Atlanta, Pecherskyi came to the aircraft's forward galley and stood behind flight attendant Glenna Proctor, making full body contact with her. He subsequently put his lips on her neck and later touched her back and then moved his hand to her buttocks. At one point during the flight when Ms. Proctor was seated in her jumpseat, Pecherskyi sat next to her and put his hand on her thigh, starting to move it up and under her dress. Ms. Proctor jumped up and told him to sit down. She said she would "tuff cuff" him if he stood up again.

Because of Pecherskyi's behavior, flight attendant Jennifer Munns came forward to the first class section of the aircraft to assist Proctor. When Ms. Munns came forward, Pecherskyi told her he liked her and made a hand gesture like he wanted to have sex with her. This gesture involved him pointing to her, pointing to himself, and slamming his closed fist sideways into his open hand as if to "slam her." He also ran his hand from her lower back onto her buttocks. Later, he placed her in a headlock and jerked her toward himself. She repeatedly told him not to touch her. She estimated, after the first time she told him not to touch her, he touched her around seven or eight more times. He also tried to kiss her several times. She described his touching as predatory. Neither Ms. Proctor nor Ms. Munns consented to the sexual contact by the defendant.

Delta Airlines Flight 2525 was a civil aircraft of the United States in flight at the time of the above acts. Therefore the flight was in the special aircraft "jurisdiction" of the United States as defined in 49 U.S.C. § 46501.

4

## VI. ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the United States Sentencing Guidelines are only advisory, but represent the starting point and benchmark for sentencing. *Gall v. United States,* 128 S.Ct. 586 (2007). The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. §3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

Pursuant to the USSG provisions applicable in this case:

A. The base guideline is §2A3.4, with a base offense level of 12.

B. The are no specific offense characteristics.

C. There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

D. The adjusted offense level therefore would be 12.

E. Acceptance of Responsibility: The defendant should receive a two-level adjustment for acceptance of responsibility under § 3E1.1. The resulting offense level therefore would be 10.

F. Criminal History Category: The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently

5

available to the parties, the parties estimate that the defendant's criminal history category would be I.

  H. Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

  I. <u>Imprisonment</u>: The advisory guideline range of imprisonment resulting from an offense level of 10 and the estimated criminal history category is 6-12 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 6 months (bottom of Category I) to 30 months (top of Category VI).

In any event, the guideline range nor the sentence could exceed the cumulative statutory maximum applicable to the count of conviction.

  J. <u>Fine</u>: Pursuant to guideline § 5E1.2, assuming the government's estimated offense level of 10, the fine range for this offense would be $2,000 to $20,000, plus applicable interest and penalties.

  K. <u>Supervised Release</u>: The guideline range of supervised release under § 5D1.2 is one year.

The parties understand that although the Court will consider the parties' guideline estimate, the Court must make its own determination of the applicable guideline range. In doing so, the Court is not bound by the position of any party. The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory

guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. §3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 11-19-14

Vadym Pechersky
Defendant

Date: 11/19/14

Chris Decker
Attorney for Defendant

Date: 11/19/14

Kathryn Stimson
Attorney for Defendant

Date: 11-21-14

James Allison
Assistant U.S. Attorney